**Opinion filed April 29, 2016**



In The

# Eleventh Court of Appeals

_____

## No. 11-14-00132-CR

_____

## MELVIN SETTLEMYRE, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 259th District Court**

**Jones County, Texas**

**Trial Court Cause No. CR024597**

## O P I N I O N

The jury found Melvin Settlemyre "guilty of Assault (Family Violence) against a household member" and assessed his punishment at confinement in the Jones County Jail for a period of 365 days and a fine of $4,000. We affirm.

Appellant and his wife, Larraine (Lari) Kathleen Settlemyre, and their four children attended Builders Baptist Church. On the day of the offense, the family had attended evening services at Builders Baptist. When they arrived home, Appellant wanted to take the children swimming, but Lari's brother had been invited over to

play cards. When Lari told him that the kids were going to play cards with her brother, Appellant said, "No. I'm taking them swimming." Appellant became upset, threw a water bottle onto the floor, and "took off into the living room where all the kids were." The children told him that they did not want to go swimming, but he ordered them to go put on their swimsuits. Lari intervened, and Appellant "was severely really, really mad and agitated at [her] that [she] wasn't making them do what he wanted."

Lari testified that there were "a lot of control issues" with Appellant. "God said that he's supposed to rule everything and he took that way overboard, and it got to the point where I was nothing and he was everything. Everything he said goes and what he did was right, nothing he did was wrong."

Shawnee Gilbreath, the wife of the pastor of Builders Baptist, had counseled with Appellant and Lari. She testified that Appellant was domineering and that he forgot "his role was to love the woman as He loved the church." She said that Appellant's views on the husband and wife relationship were that a woman was basically supposed to submit to the husband no matter what.

At some point during the argument, the children ended up back in the living room; all of them were upset. Appellant attempted to get into the room where they were, but Lari blocked the doorway. Lari testified that she told him, "I'm not going to let you hurt them anymore. I'm not going to let you upset them." Lari testified that Appellant then "took his hands under [her] armpit and tossed [her] into the wall, into the doorway." When Appellant pushed her into the doorway, she hit her right wrist on the wall. She testified that it hurt "a little" and left a mark but that, at the time, she was more focused on what Appellant was doing with the kids. Lari also testified that later she felt pain that was not bad enough to "go into the hospital for, but [she] kn[e]w it was there."

2

When the argument between Lari and Appellant began, their oldest daughter contacted Gilbreath. She informed Gilbreath that there was some trouble between her mom and dad and asked Gilbreath to come quickly. As Gilbreath and her husband drove to the Settlemyres' home, they called 9-1-1. When they arrived, they found the children in the living room, crying and upset. Lari was also in the living room; Appellant was outside. After Gilbreath talked to the children, she went outside and told Appellant, "Melvin, this is wrong. This was wrong." Gilbreath testified that Appellant said that he had not done anything wrong and then came "at [her] but [her] husband got between [them]."

Stephanie Fenner, a deputy with the Jones County Sheriff's Department, responded to a 9-1-1 domestic disturbance call at the Settlemyers' residence. She was new, and this was her first domestic disturbance call. When Deputy Fenner arrived at the residence, she talked to Appellant. Appellant told Deputy Fenner that he and Lari had gotten into an argument because he wanted to take his four children swimming and his wife told them that they could not go.

Deputy Fenner then talked to Lari. Lari was upset and had some fresh scratches on her right wrist. She did not need medical attention: the skin on her wrist was "barely" broken. There were no grip marks or bruises, just scratch marks. Deputy Fenner also testified, without objection, that Lari experienced pain.

At trial, Appellant argued that he did not assault Lari. However, in his sole issue on appeal, he argues that the evidence is insufficient to prove that any injuries Lari suffered were "bodily injur[ies]" under the law. On appeal, Appellant frames his argument as a due process one in concert with the civil principle of *de minimis non curat lex*: "The law is not concerned with trifles." BALLENTINE'S LAW DICTIONARY (3d ed. 1969). In other words, Appellant claims that Lari's injuries were nothing more than trifles with which the law should not be concerned.

The record contains testimony from Lari that Appellant had previously strangled Lari and that he had also threatened to shoot her in the head with a gun that his mother had given him. Lari also testified that Appellant would at times hit the wall with his fist to "show me what power he had over me." Appellant testified and denied that he had ever threatened anyone with a gun. He also denied that he had committed assault and denied the accusation that he was domineering. He testified that the mistake that he made was "trying to encourage her to -- I was trying to encourage her to be submissive, to do all the things that the Bible says a woman is supposed to do. That was my mistake. I needed to focus on me and let God take care of her."

Even if we were to agree that the principle of *de minimis non curat lex* applies to criminal cases as a matter of due process, we would not apply it under the facts of this case because the evidence squarely places the injuries within the specific terms of the Texas Penal Code. Section 22.01(a)(1) of the Texas Penal Code contains the definition of the offense charged in this case: "A person commits an offense if the person . . . intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse." TEX. PENAL CODE ANN. § 22.01(a)(1) (West Supp. 2015). "Bodily injury" is defined as "physical pain, illness, or any impairment of physical condition." *Id.* § 1.07(a)(8).

Lari testified that she felt pain in her wrist and had a mark on her wrist. Deputy Fenner also testified that Lari had fresh scratch marks on her wrist and that Lari experienced pain. By its very terms, the Texas Penal Code requires nothing more to prove "bodily injury" than the evidence presented here. We are neither permitted nor obligated to consider the injuries that Lari suffered at the hands of Appellant as "trifles." We overrule Appellant's sole issue on appeal.

We affirm the judgment of the trial court.


JIM R. WRIGHT

CHIEF JUSTICE


April 29, 2016

Publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.