

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-16-00171-CR
_____

WILLIAM DAVID WITTMANN II, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 100th District Court
Childress County, Texas
Trial Court No. 5881, Honorable Stuart Messer, Presiding

November 22, 2016

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant, William David Wittmann II, appeals from the order of the trial court adjudicating him guilty of the offense of assault against a family member.[1] After hearing the evidence regarding punishment, the trial court sentenced appellant to ten years in the Institutional Division of the Texas Department of Criminal Justice (ID-TDCJ). Appellant has perfected his appeal and presents three issues to this Court. First, appellant contends that the trial court abused its discretion by finding that appellant had

_____

[1] *See* TEX. PENAL CODE ANN. § 22.01(a), (b)(2) (West Supp. 2016).

violated his terms and conditions of deferred adjudication community supervision. Second, appellant contends that certain of his terms and conditions of deferred adjudication community supervision were unconstitutionally vague. Finally, appellant contends that the trial court's sentence of ten years' incarceration was disproportionate to the severity of the crime and therefore in violation of the United States Constitution's Eighth Amendment proscription against cruel and unusual punishment. *See* U.S. CONST. amend. VIII. Disagreeing with appellant, we will affirm the judgment of conviction and sentence entered by the trial court.

## Factual and Procedural Background

Pursuant to a plea agreement, appellant entered a plea of guilty to the offense of assault against a family member on December 22, 2015. In accordance with the plea agreement, appellant was sentenced to five years' deferred adjudication and placed on community supervision, with a fine of $1,000 and court costs of $249. The State subsequently filed a motion to adjudicate on January 20, 2016. Thereafter, the State filed an amended motion to adjudicate on March 8. The amended motion to adjudicate contained allegations that appellant had violated the terms and conditions of his deferred adjudication community supervision by (1) committing the offense of assault and violation of a protective order on January 13, 2016, a violation of condition 1; (2) communicating with the victim in the assault case on January 13, 2016, a violation of condition 24; (3) going within 200 feet of the victim, the victim's residence, or the victim's place of employment on January 13, 2016, a violation of condition 25; and (4)

failing to avoid places where the victim was on January 13, 2016, a violation of condition 26.[2]

The trial court conducted a hearing on the State's first amended application to adjudicate appellant guilty on April 7, 2016. Appellant entered a plea of "Not True" to the allegations contained in the State's pleading.

At the hearing on the State's motion to adjudicate, the probation officer for the trial court, Marc Latimer, testified that he conducted an intake interview with appellant following his original plea of guilty. At that time, Latimer testified he went over all of the terms and conditions of community supervision with appellant. Further, appellant initialed each term and condition of community supervision, thereby signifying that he understood each term and condition of community supervision. The clerk's record contains the order of the court setting forth the terms and conditions of community supervision, and each applicable term and condition has the initials W.W. in front of it. Additionally, Marci Mills, the probation officer who actually supervised appellant, testified that she met with appellant on January 4, 2016, and discussed that appellant should not have any contact with the victim, Brittany Schlenker.

Justice of the Peace for Childress County, Randy Rister, testified that on December 3, 2015, he served a protective order on appellant at the Childress County jail. Judge Rister further testified that he went over in detail the terms of the protective order with appellant. Included within the terms of the protective order was the provision

---

[2] The first amended application to adjudicate appellant guilty also contained an allegation that appellant had failed to avoid injurious and vicious conduct and abstain from the purchase and use of alcohol, marijuana, and other substances. The State waived these allegations before the hearing began on April 7, 2016.

that appellant was not to go within 200 yards of the victim, her residence, her mother's residence, Childress Elementary, or Dairy Queen.[3] Judge Rister was specific about the fact that he identified the victim covered by the protective order as Brittany Schlenker.

Glenn Clepper then testified that he was the victim of the assault alleged in the amended motion to adjudicate appellant. Clepper testified that his residence is located three houses from the residence of the victim. He is the victim's stepfather. On January 13, 2016, Clepper received some communication from his stepson that caused him to check on the victim. He proceeded down the alley toward the victim's house and saw appellant and two other men coming out of the victim's backyard into the alley. Appellant and the two other men got into a pickup truck and started driving off. Clepper testified that he shouted at them not to come back. The pickup then stopped and appellant and the two others got out and started running toward him. When appellant got to Clepper, he hit him in the eye with his fist two or three times. Clepper testified he was able to wrestle appellant to the ground when the other two men jumped on his back. Clepper let go of appellant and all three men jumped up and ran to the truck and left the alley.

Clepper testified that he then called law enforcement and reported the incident. Officer Toby Brazee of the Childress Police Department responded to the reported assault. Brazee testified that when he saw Clepper immediately after the assault, Clepper had a knot and a scrape on his forehead. The State introduced State's exhibit

---

[3] We note that the amended motion to adjudicate stated appellant violated the protective order by going within 200 feet of the victim's residence. This difference is without significance since 200 feet is closer than 200 yards.

4

7, a picture of Clepper taken on the evening of the assault. According to Clepper, the injuries were not serious but did cause him pain.

After the State rested its case-in-chief, appellant called Brittany Schlenker. Schlenker testified that on January 13, 2016, she did not have any contact with appellant, and that she had no phone calls or texts from appellant. She further testified that Clepper and appellant had a contentious relationship. On cross-examination, she restated her testimony by saying she did not see appellant in her backyard on January 13, 2016.

Appellant testified that he was a passenger in the truck and did not have control over where the truck went. Appellant testified that he knew he was not supposed to go around the victim's residence. He denied having struck Clepper and testified that Clepper came running down the alley and made contact with him that resulted in the two wrestling. Further, appellant denied having any communication with the victim or seeing her on January 13, 2016.

After the evidence was concluded, the trial court found that appellant had violated condition 1 of his community supervision order by committing the offense of assault against Clepper. Further, the trial court found that appellant had violated the protective order by going within 200 feet of the victim's residence. The trial court found that this violation of the protective order was also a violation of condition 25 of the community supervision order by going within 200 feet of the victim's residence. After hearing punishment testimony, the trial court sentenced appellant to ten years' confinement in the ID-TDCJ.

Appellant has perfected his appeal and brings forth three issues. Appellant contends that the trial court abused its discretion in adjudicating appellant guilty of assault on a family member, that the terms and conditions of community supervision were unconstitutionally vague, and that the sentence was disproportionate and therefore in violation of the United States Constitution. Disagreeing, we will affirm.

Adjudicating Appellant Guilty

Standard of Review

On violation of a condition of community supervision imposed under an order of deferred adjudication, the defendant is entitled to a hearing limited to the determination by the trial court of whether it proceeds with an adjudication of guilt on the original charge. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (West Supp. 2016); *Johnson v. State,* 386 S.W.3d 347, 350 (Tex. App.—Amarillo 2012, no pet.) (citing *Antwine v. State*, 268 S.W.3d 634, 636 (Tex. App.—Eastland 2008, pet. ref'd)). We review this determination in the same manner as we review a hearing to revoke community supervision. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b); *Johnson,* 386 S.W.3d at 350 (citing *Antwine*, 268 S.W.3d at 636). We review an order revoking community supervision for an abuse of discretion. *See Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006).

When the standard of review is abuse of discretion, the record must simply contain some evidence to support the decision made by the trial court. *See Herald v. State*, 67 S.W.3d 292, 293 (Tex. App.—Amarillo 2001, no pet.). In determining whether some evidence supports the trial court's decision, we view the evidence in the light most

6

favorable to the trial court's ruling. *See Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984) (en banc). The trial judge is the trier of fact and the arbiter of the credibility of the testimony during a hearing on a motion to adjudicate. *See Allbright v. State*, 13 S.W.3d 817, 819 (Tex. App.—Fort Worth 2000, pet. ref'd). In a proceeding to revoke community supervision, the burden of proof is on the State to show by a preponderance of the evidence that the defendant violated a term and condition of community supervision as alleged in the motion to revoke. *See Cardona*, 665 S.W.2d at 493. If the State fails to meet its burden of proof, the trial court abuses its discretion by revoking community supervision. *Id.* at 493–94. Proof of a violation of a single term and condition of community supervision is sufficient to support a trial court's decision to adjudicate. *Antwine,* 268 S.W.3d at 636.

Analysis

We begin our analysis with the reminder that the trial court is the sole trier of fact and arbiter of the credibility of the testimony in a motion to adjudicate. *See Allbright*, 13 S.W.3d at 819. With this admonition in mind, we turn to the record before the Court.

During the hearing on the motion to adjudicate, the trial court heard the testimony of the victim of the assault alleged in the first amended motion to adjudicate, Clepper. Clepper testified that appellant struck him two or three times in the face on January 13, 2016, and that the resulting injury caused him pain. In addition, Officer Brazee took a photograph of Clepper. The photograph, introduced as State's exhibit 7, clearly shows that Clepper had an injury to his face and forehead. One of appellant's contentions is that Clepper received no injury during the alleged assault. The Texas Penal Code

7

defines assault as "intentionally, knowingly, or recklessly causing bodily injury to another." *See* TEX. PENAL CODE ANN. § 22.01(a)(1).[4] Section 1.07(a)(8) states that "'[b]odily injury' means physical pain, illness or any impairment of physical condition." *See* § 1.07(a)(8) (West Supp. 2016); *Settlemyre v. State,* 489 S.W.3d 607, 609 (Tex. App.—Eastland 2016, pet. ref'd) (holding that the Texas Penal Code by its very terms requires nothing more to prove assault than that the victim felt pain). Thus, the State proved the elements of assault.

Although appellant denied striking Clepper, it was up to the trial court to decide which testimony was the credible testimony. *See Allbright*, 13 S.W.3d at 819. By the trial court's finding that appellant had violated condition 1 of his terms and conditions of community supervision, that he commit no offense against the laws of this state, any other state or the United States, it is apparent that the trial court found the testimony of Clepper to be the credible testimony. *See id.* In reviewing this finding, we review the record in the light most favorable to the trial court's ruling. *See Cardona*, 665 S.W.2d at 493. This finding is supported by the evidence produced at the hearing and is sufficient to meet the State's burden of proof by a preponderance of the evidence. *See id.* Therefore, the trial court had some evidence upon which to base its ruling. *See Herald*, 67 S.W.3d at 293. Thus, the trial court did not abuse its discretion in adjudicating appellant guilty of the offense of assault on a family member. *See Rickels*, 202 S.W.3d at 763. Accordingly, we overrule appellant's first issue.[5]

---

[4] Further reference to the Texas Penal Code will be by reference to "section ____" or "§ ____."

[5] Having found that the trial court did not abuse its discretion in finding that appellant had committed a new offense, we need not address appellant's second issue that certain terms and conditions of community supervision were unconstitutionally vague.

Punishment Assessed

By his third issue, appellant contends that the punishment assessed was grossly disproportionate to the severity of the crime in violation of appellant's Eighth Amendment rights. *See* U.S. CONST. amend. VIII. It is appellant's contention that the trial court sentence of ten years' confinement in the ID-TDCJ was so grossly disproportionate as to violate the aforementioned Eighth Amendment to the United States Constitution.

Appellant and the State both agree that Texas courts have long held that, as long as punishment is assessed within the range set by the legislature in a valid statute, the punishment is not excessive. *See Romero v. State,* No. 07-15-00036-CR, 2015 Tex. App. LEXIS 12176, at *4 (Tex. App.—Amarillo Nov. 30, 2015, pet. ref'd) (mem. op.). However, a federal constitutional prohibition against grossly disproportionate sentences does survive. *See id.* In deciding the question of proportionality of a sentence we are guided by the following objective criteria: (1) the gravity of the offense and the harshness of the penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the sentences imposed for commission of the same crime in other jurisdictions. *See id.* at *4–5. However, the state legislature is afforded great deference. *See id.* at *5.

In applying these factors to the case before the Court, we note that appellant was convicted of assault on a family member. This is a third-degree felony offense carrying a punishment range of two to ten years in the ID-TDCJ. *See* §§ 12.34 (West 2011), 22.01(b)(2). We have no information in this record as to what other individuals charged

9

with the same offense have received in Texas. Further, there is nothing in the record indicating what similarly situated defendants have received, in terms of punishment, in other jurisdictions.

To the above, we add the following observations. Appellant was placed on deferred adjudication for the instant offense on December 22, 2015. Within the space of less than a month, the incident which led to the filing of the State's motion to proceed with adjudication occurred. Further, as the trial court stated in open court, it was very apparent that appellant understood the terms and conditions of community supervision, more especially those that prohibited his contact with the victim. Finally, the trial court heard testimony from the Chief Deputy of the Childress county jail that over 900 phone calls had been made from the jail to the victim's phone while appellant was being held in the jail.

Despite what appellant may contend, that there is nothing in the record to indicate the seriousness of the injuries received by the victim at the time of the initial assault, it is still a physical assault on someone with whom appellant had a dating relationship. This is a serious offense. Moreover, the factual allegations, to which appellant pleaded guilty, indicate that the assault was occasioned by appellant restricting the airway of the victim. Again, this is a very serious offense.

In light of the gravity of the offense, the short time that appellant was on community supervision, and appellant's apparent attempts to make contact with the victim after the date of the adjudication hearing, we find that there is nothing shown to

indicate that the sentence pronounced by the trial court was grossly disproportionate. We overrule appellant's third issue.

## Conclusion

Having overruled all of appellant's issues necessary for our review, we affirm the trial court's judgment and sentence.

Mackey K. Hancock
Justice

Do not publish.