**Opinion filed October 23, 2025**



In The

# Eleventh Court of Appeals

_____

## No. 11-24-00135-CR

_____

**EDUARDO RAMIREZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 238th District Court**

**Midland County, Texas**

**Trial Court Cause No. CR58709**

## M E M O R A N D U M   O P I N I O N

Appellant, Eduardo Ramirez, was indicted for the offense of continuous violence against the family, a third-degree felony. TEX. PENAL CODE ANN. § 25.11(a), (e) (West Supp. 2024). The jury convicted Appellant of the charged offense, and the trial court assessed his punishment at five years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice.

In his sole issue on appeal, Appellant challenges the sufficiency of the evidence to support his conviction. We affirm.

## I. *Factual Background*

The indictment charged, in relevant part, that during a period that was twelve months or less in duration, Appellant on two or more occasions assaulted and caused bodily injury to I.M., a person with whom he had a dating relationship.

Appellant and I.M. maintained a dating relationship from April 1, 2022, to no later than October 3, 2022. I.M. testified that Appellant assaulted her on at least three occasions during their relationship. I.M. was first assaulted by Appellant on April 23, 2022. On that date, I.M. was working at Advance Auto Parts in Midland and she asked Appellant to drive her vehicle to her workplace. When he arrived there, they argued and I.M. asked Appellant to exit her vehicle; he refused. Instead, after I.M. reached through the driver's side window to open the door to her vehicle, Appellant grabbed I.M.'s left arm and held onto it as he closed the driver's side window on her arm. I.M. asked Appellant several times to open the driver's side window so that her arm could be released but he refused to do so. I.M. testified that she believed her arm remained trapped for approximately three minutes. I.M. began experiencing pain in her left arm approximately forty-five minutes later and bruising also developed.

The next assault occurred on June 12, 2022. On that date, I.M. and Appellant argued, and he accused her of texting other men. During their argument, Appellant pushed and grabbed I.M., and as she was attempting to defend herself "[h]is arm rolled off of [I.M.'s] arm and [his elbow hit and] busted [her] lip," which caused bleeding and physical pain. I.M. testified that a few days later, Appellant punched her on the shoulder with his fist after he accused her of flirting with the cashier at T & T Donuts, causing physical pain and more bruising. After the assault at T & T

Donuts, I.M. claimed that Appellant choked her with his hands "a few times"; she stated that being choked was painful.

Appellant assaulted I.M. again on September 17, 2022. I.M. testified that they were at her apartment, and she asked Appellant to discard a bag of popcorn that he had been eating the previous night. I.M.'s dog then began eating the popcorn and Appellant grabbed and hit the dog. They argued and I.M. told Appellant to leave her apartment. According to I.M., Appellant thereafter attacked her, pushed her into a corner in her bedroom, and punched her in the chest and stomach several times with his fists. He also grabbed her throat with his right hand and hit her right ear and the right side of her face with his left hand, causing pain, ringing, and throbbing in her ear.

After the last assault, I.M. received medical treatment for the injury to her ear. On October 3, 2022, she reported each incident of assault to law enforcement. Appellant thereafter asked I.M. to meet him so that he could apologize; he also asked her to withdraw the assault charges, and he sent her several text messages, some of which stated: "I'm sorry for putting my hands on you" and "I feel f----d up about it."

## II. *Standard of Review*

We review a challenge to the sufficiency of the evidence under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we review all the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the charged offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Garcia v. State*, 667 S.W.3d 756, 761 (Tex. Crim. App. 2023); *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

3

When conducting a sufficiency review, we consider all the evidence admitted at trial, including evidence that may have been improperly admitted. *Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013); *Brooks*, 323 S.W.3d at 899; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007); *Lee v. State*, 676 S.W.3d 912, 915 (Tex. App.—Eastland 2023, no pet.). We defer to the factfinder's role as the sole judge of the witnesses' credibility and the weight their testimony is to be afforded. *See* TEX. CODE CRIM. PROC. ANN. art. 36.13 (West 2007); *Garcia*, 667 S.W.3d at 762 ("[A] reviewing court does not sit as the thirteenth juror and may not substitute its judgment for that of the factfinder by reevaluating the weight and credibility of the evidence."); *Brooks*, 323 S.W.3d at 899; *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). This standard is deferential and accounts for the factfinder's duty to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319; *Garcia*, 667 S.W.3d at 761; *Clayton*, 235 S.W.3d at 778. Thus, if the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the verdict, and we defer to that determination. *Jackson*, 443 U.S. at 326; *Garcia*, 667 S.W.3d at 762; *Merritt v. State*, 368 S.W.3d 516, 525–26 (Tex. Crim. App. 2012); *Clayton*, 235 S.W.3d at 778.

We treat direct and circumstantial evidence equally under this standard. *Isassi*, 330 S.W.3d at 638; *Ruiz v. State*, 631 S.W.3d 841, 851 (Tex. App.—Eastland 2021, pet. ref'd). The evidence need not directly prove the defendant's guilt; circumstantial evidence is as probative as direct evidence in establishing the defendant's guilt, and circumstantial evidence, alone, can be sufficient to establish guilt. *Carrizales v. State*, 414 S.W.3d 737, 742 (Tex. Crim. App. 2013) (citing *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007)). Each fact need not point directly and independently to the defendant's guilt if the cumulative force of

all incriminating circumstances is sufficient to support the defendant's conviction. *Hooper*, 214 S.W.3d at 13. Therefore, in evaluating the sufficiency of the evidence, we treat direct and circumstantial evidence the same, and we must consider the cumulative force of all the evidence. *Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017); *Murray v. State*, 457 S.W.3d 446, 448 (Tex. Crim. App. 2015); *Isassi*, 330 S.W.3d at 638; *Hooper*, 214 S.W.3d at 13.

Finally, we measure the sufficiency of the evidence by the elements of the charged offense as defined by the hypothetically correct charge for the case. *Morgan v. State*, 501 S.W.3d 84, 89 (Tex. Crim. App. 2016); *see also Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). In this regard, to determine whether the State has met its burden to prove a defendant's guilt beyond a reasonable doubt under the *Jackson* standard, we compare the elements of the offense to the evidence adduced at trial. *Thomas v. State*, 444 S.W.3d 4, 8 (Tex. Crim. App. 2014) (citing *Malik*, 953 S.W.2d at 240). The hypothetically correct charge "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Malik*, 953 S.W.2d at 240.

### III. *Analysis*

In his sole issue, Appellant challenges the sufficiency of the evidence to support his conviction for continuous violence against the family. Specifically, Appellant contends that (1) no rational jury could have found beyond a reasonable doubt that he assaulted I.M. and caused her to suffer bodily injury on two or more occasions during the requisite period required by the statute, and (2) the State did not prove that he intended to injure I.M. because any bodily injury she allegedly suffered was the result of "mutual combat."

As relevant to this appeal, a person commits the offense of continuous violence against the family if, during a period that is twelve months or less in duration, the person commits two or more assaults that cause bodily injury to a person with whom he has or had a dating relationship. *See* PENAL §§ 22.01(a)(1), 25.11(a); TEX. FAM. CODE ANN. § 71.0021(b) (West 2019) (defining "dating relationship" as a "relationship between individuals who have or have had a continuing relationship of a romantic or intimate nature"); *see also Arevalo v. State*, 675 S.W.3d 833, 844 (Tex. App.—Eastland 2023, no pet.). Here, there is no dispute that Appellant and I.M. were in a dating relationship at the time the alleged assaultive conduct occurred.

A person commits the offense of assault if the person intentionally, knowingly, or recklessly causes bodily injury to another. PENAL § 22.01(a)(1). "Bodily injury" as defined in the Penal Code includes "physical pain." *Id.* § 1.07(a)(8). "Any physical pain, however minor, will suffice to establish bodily injury." *Garcia v. State*, 367 S.W.3d 683, 688 (Tex. Crim. App. 2012); *see also Laster v. State*, 275 S.W.3d 512, 524 (Tex. Crim. App. 2009); *Hernandez v. State*, 531 S.W.3d 359, 363 (Tex. App.—Eastland 2017, no pet.). Bodily injury also encompasses "even relatively minor physical contacts so long as they constitute more than mere offensive touching." *Clark v. State*, 461 S.W.3d 244, 248 (Tex. App.—Eastland 2015, pet. ref'd) (quoting *Lane v. State*, 763 S.W.2d 785, 786 (Tex. Crim. App. 1989)). Although direct evidence may be presented that an assault victim experienced physical pain, a factfinder may also infer that the victim felt or experienced physical pain because people of common intelligence understand the effects of pain and some of its natural causes. *See Garcia*, 367 S.W.3d at 688 (citing *Randolph v. State*, 152 S.W.3d 764, 774 (Tex. App.—Dallas 2004, no pet.)); *Clark*, 461 S.W.3d at 248.

6

For purposes of this charged offense, a person acts intentionally "when it is his conscious objective or desire to engage in the conduct or cause the result." PENAL § 6.03(a) (West 2021). A person acts knowingly "when he is aware that his conduct is reasonably certain to cause the result." *Id.* § 6.03(b). A person acts recklessly "when he is aware of but consciously disregards a substantial and unjustifiable risk that the . . . result will occur." *Id.* § 6.03(c). Recklessness requires that the defendant foresees the risk involved and in turn consciously ignores it. *Williams v. State*, 235 S.W.3d 742, 751 (Tex. Crim. App. 2007).

"Intent and knowledge are fact questions for the jury, and are almost always proven through evidence of the circumstances surrounding the crime." *Manrique v. State*, 994 S.W.2d 640, 649 (Tex. Crim. App. 1999) (Meyers, J., concurring); *Luna v. State*, 687 S.W.3d 79, 93 (Tex. App.—Eastland 2024, pet. ref'd). A jury may infer intent and knowledge from any facts that tend to prove its existence, "including the acts, words, and conduct of the accused," and "the nature of [the] wounds inflicted on the victims." *Hart v. State*, 89 S.W.3d 61, 64 (Tex. Crim. App. 2002) (quoting *Manrique*, 994 S.W.2d at 649); *Luna*, 687 S.W.3d at 93.

Contrary to Appellant's assertions, the jury could have reasonably inferred and found from the evidence that I.M. suffered physical pain, and thus bodily injury, because of Appellant's assaultive conduct, and that the collective assaults occurred within a period of twelve months or less as the statute requires. *See Garcia*, 367 S.W.3d at 688; *Laster*, 275 S.W.3d at 524; *Bolton v. State*, 619 S.W.2d 166, 167 (Tex. Crim. App. 1981) (testimony that relates to the extent of the victim's injuries is sufficient to show bodily injury). Here, I.M. testified that on different dates, all within a six-month period, Appellant: (1) grabbed her arm and held onto it as he rolled up and closed the driver's side window to her vehicle, trapping her left arm; (2) hit and "busted [her] lip" with his elbow; (3) punched her on her shoulder;

7

(4) grabbed her throat with his hands and choked her "a few times" to the point that on one occasion she could not breathe; (5) punched her multiple times in her chest and stomach with his fists; and (6) hit her on the right side of her face and ear with his left hand causing pain, ringing, and throbbing. As a result of these incidents, I.M. suffered physical pain, and bruises developed. Moreover, Appellant later apologized to I.M. for his assaultive behavior and admitted that his conduct was inappropriate.

In addition to I.M.'s testimony, her medical records and several photographs, which depicted the injuries that she sustained and the bruises that developed because of Appellant's assaults, were admitted and published to the jury. These images were taken shortly after each assault and show visible bruising and red marks on I.M.'s body, injuries that she claimed were caused by Appellant's assaultive conduct. Photographs of injuries that a victim sustained because of an assault, without more, are sufficient to show bodily injury. *See Morales v. State*, No. 11-24-00099-CR, 2025 WL 2412847, at *5 (Tex. App.—Eastland Aug. 21, 2025, no pet.) (mem. op., not designated for publication); *Hodges v. State*, No. 10-18-00044-CR, 2020 WL 5415544, at *4 (Tex. App.—Waco Sept. 9, 2020, no pet.) (mem. op., not designated for publication). Further, bodily injury may result even though an assault victim does not immediately experience physical pain or other adverse symptoms "at the moment" the assault occurs. *Aguilar v. State*, 263 S.W.3d 430, 434 (Tex. App.—Houston [1st Dist.] 2008, pet. ref'd).

We conclude that I.M.'s testimony, coupled with her medical records and the photographs of her injuries, are sufficient to show, and allowed the jury to reasonably infer that she experienced bodily injury because of Appellant's assaultive conduct. *See Bin Fang v. State*, 544 S.W.3d 923, 928 (Tex. App.—Houston [14th Dist.] 2018, no pet.) (holding that evidence of a bruise is sufficient to establish bodily injury);

*Settlemyre v. State*, 489 S.W.3d 607, 608–09 (Tex. App.—Eastland 2016, pet. ref'd) (scratch marks on an assault victim's wrists constituted bodily injury); *Goodin v. State*, 750 S.W.2d 857, 859 (Tex. App.—Corpus Christi–Edinburg 1988, pet. ref'd) (a jury may infer that bruising resulted from physical pain); *see also Morales*, 2025 WL 2412847, at \*5; *Harris v. State*, 164 S.W.3d 775, 785 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd) (evidence of scratches on the victim's collarbone and testimony "that appellant punched her on the shoulder, pushed her on the couch, and started choking her" was sufficient evidence of bodily injury).

Despite this, Appellant argues that I.M.'s injuries, if any, resulted from their "mutual combat" and that I.M. was the aggressor. As such, Appellant contends that there was no evidence presented to show that he intentionally, knowingly, or recklessly caused any bodily injury to her. However, in this case, as in all cases, the jury may believe all, some, or none of any witness's testimony. *Adelman v. State*, 828 S.W.2d 418, 421 (Tex. Crim. App. 1992); *Reyes v. State*, 465 S.W.3d 801, 805 (Tex. App.—Eastland 2015, pet. ref'd) (citing *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986)); *see Winfrey*, 393 S.W.3d at 768; *Brooks*, 323 S.W.3d at 899. As the trier of fact, it is the jury's duty, as the sole judge of the witnesses' credibility, to weigh and resolve any conflicts in the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *See Jackson*, 443 U.S. at 319; *Garcia*, 667 S.W.3d at 761–62; *Winfrey*, 393 S.W.3d at 768; *Brooks*, 323 S.W.3d at 899.

As we have said, the jury could have reasonably inferred and found from the evidence that Appellant, by his conduct, intentionally, knowingly, *or* recklessly caused bodily injury to I.M. *See Laster*, 275 S.W.3d at 524. To convict Appellant, the State was only required to prove one culpable mental state. And, in most instances, the testimony of a single eyewitness, here I.M., can be sufficient to support

a conviction. *See Aguilar v. State*, 468 S.W.2d 75, 77 (Tex. Crim. App. 1971); *Morales*, 2025 WL 2412847, at *5. The jury was also able to employ its common sense in determining whether I.M. suffered bodily injury because of Appellant's assaultive conduct. *See* PENAL § 1.07(a)(8); *Coleman v. State*, 631 S.W.3d 744, 751 (Tex. App.—Houston [14th Dist.] 2021, pet. ref'd); *Aguilar*, 263 S.W.3d at 434 (citing *Taylor v. State*, 71 S.W.3d 792, 795 (Tex. App.—Texarkana 2002, pet. ref'd)). In this case, the jury's apparent decision to credit and accept I.M.'s accounts of the assaults committed upon her by Appellant was inherently a credibility determination to which we defer under the *Jackson* standard.

We have reviewed the cumulative force of all the evidence in the light most favorable to the jury's verdict, as we must, and we conclude that the record contains sufficient evidence from which a rational jury could have logically inferred and found beyond a reasonable doubt that Appellant committed the offense of continuous violence against the family as charged in the indictment. Accordingly, we overrule Appellant's sole issue on appeal.

## IV. *This Court's Ruling*

We affirm the judgment of the trial court.


W. STACY TROTTER

JUSTICE


October 23, 2025

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

10